[No. 32719. *En Banc.* September 9, 1954.]

TACOMA SMELTER, AMERICAN SMELTING AND REFINING COMPANY, *Appellant,* v. SMELTERMEN'S LOCAL No. 25, INTERNATIONAL UNION OF MINE AND MILL AND SMELTER WORKERS, *Respondent.*[1]

[1] Reported in 273 P. (2d) 895.

*Metzler & McCormick,* by *Hugo Metzler, Jr.,* for appellant.

*John T. McCutcheon* and *Ray Graves,* for respondent.

MALLERY, J.—Plaintiff company, hereinafter called the company, brought this action against the defendant union for a declaratory judgment to determine what obligation, if any, there is to recognize seniority rights of Leonard D. Campbell, an employee in its production unit, in filling a job vacancy occurring in the watchmen's unit of the company. When the vacancy occurred, Campbell applied for the position through his representative, the defendant union. The company objected to the processing of Campbell's application by defendant union on the ground that watchmen or guards are excluded by law from membership in a union having production employee members. 29 U. S. C., § 159 (b), subd. 3. Campbell's union was certified on May 14, 1951, as the exclusive bargaining representative for the *production unit* of the company as a result of a consent election held by the national labor relations board.

Because of the company's objection to Campbell's production union membership, an arbitration committee was selected, to which Campbell's application was presented. The company demanded that the committee find, as a matter of law, that the defendant union could not represent Campbell because to do so would be in violation of 29 U. S. C., § 159 (b), subd. 3, *supra.* This resulted in the committee's adjournment of the meeting until this legal question could be determined by the court.

From an adverse judgment requiring the company to submit Campbell's application to the arbitration committee for the purpose of assessing his qualifications and ability for the position sought, the company appeals.

■ The Taft-Hartley law, 29 U. S. C., § 159(b), subd. 3, *supra*, excludes guards from membership in a union which represents the production employees of a company. It is intended to avoid the anomalous situation of subjecting a guard to the discipline of those against whom it is his duty to guard, if need be. This positive provision of law must be read into every union bargaining contract to which it is pertinent, as in the instant case.

■ The company's position would be sound if Campbell, upon becoming a guard, continued to hold his present membership in the production employee's union. Campbell, as a production employee under the working agreement of 1951, is not now a guard and is eligible to membership in the defendant union, which has been properly designated as the exclusive representative of all the production employees. Such representation includes collective bargaining in respect to rates of pay, wages, rights of employment, *or other conditions of employment.* Among the other conditions of employment, the parties contracted in regard to interdepartmental transfers in Art. IX of the working agreement, such as the transfer from the production unit to the guard unit here in question. The defendant union may properly represent its members, including Campbell, in this regard, and seniority is a proper basis upon which to determine rights to transfer among qualified employees.

Obviously, the events with which we are here concerned are in a time sequence. The company would be in the right if they coexisted simultaneously. Thus, it must be understood that the defendant union is the bargaining agent for Campbell, as a production worker, as to his right to transfer out of the production unit into the guard unit. Its power, of course, is exhausted upon establishing his right to transfer. This is not a case of a guard, as such, being represented in his promotional rights by the defendant union. The transfer, if Campbell is qualified, is not limited to his passing out of employment in the production unit, but requires the simultaneous extinguishment of his membership in the production unit union.

This court is concerned solely with Campbell's right to a transfer as such. Of course, he must show the arbitration committee that he has the requisite seniority and ability necessary for the position he seeks. Should he be employed hereafter in the position he seeks, the power of his present union to represent him, discipline him, or retain his membership will have ceased.

Since Campbell's present position is not that of a guard, he is still eligible to be represented by defendant union until a transfer out of his present production employment shall have been effected.

The judgment is affirmed.

ALL CONCUR.